**FILED**

**September 20, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:30 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Daniel Kelley, | ) | Docket No.: 2015-02-0351 |
| Employee, | ) | |
| v. | ) | |
| Biggies Restaurant, | ) | State File Number: 76981-2015 |
| Employer, | ) | |
| And | ) | |
| Ameritrust Insurance Company, | ) | Judge Brian K. Addington |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING
## REQUESTED MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on September 14, 2016, on the Request for Expedited Hearing filed by the employee, Daniel Kelley, under Tennessee Code Annotated section 50-6-239 (2015).

The present focus of this case is whether Biggies Restaurant is responsible for payment of medical benefits. The central legal issue is whether Mr. Kelley suffered an injury to his lumbar spine that arose primarily out of and in the course and scope of his employment.[1] For the reasons set forth below, the Court finds Mr. Kelley has not submitted sufficient evidence from which this Court could conclude he is likely to prevail at a hearing on the merits on the central legal issue and holds he is not entitled to medical benefits for his lumber spine at this time.

### History of Claim

Mr. Kelley worked as a maintenance man for Biggies. On August 21, 2015, Biggies' owner, Robert Runaro, asked Mr. Kelley to perform work at his private

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

property.[2] While Mr. Kelley operated a chainsaw, Mr. Runaro moved the log on which Mr. Kelley stood, causing him to fall. Mr. Kelly suffered a significant cut to his right leg. (Ex. 3 at 2.)

Biggies provided emergency medical treatment at Wellmont-Holston Valley Hospital. Dr. Marc Aiken provided authorized medical treatment for Mr. Kelley's open wound at the hospital and in follow-up care. (Ex. 6.)

Once Mr. Kelley began feeling somewhat better from his right leg injury, he noticed his back hurt. He testified he complained about his back to Dr. Aiken, but Dr. Aiken did not take his complaints seriously.[3]

In response, Mr. Kelly sought unauthorized treatment with his primary care provider, Dr. Bryan Arnette, whom he saw for the first time on October 27, 2015. Mr. Kelley informed Dr. Arnette that he suffered "problems with his spine and his hip in the past" and his hip, shoulder, and lumbar spine hurt. (Ex. 4 at 11.) Dr. Arnette ordered an MRI, which indicated, "[P]atient does have moderate changes in the lumbar spine as well as central canal stenosis. No need for surgery. But we can refer [him] to pain management for possible injection therapy." *Id.* at 8. Dr. Arnette increased the dosage of pain medication following the MRI. *Id.* at 2.

Mr. Kelley continues to treat with Dr. Arnette for back pain. There were no admitted medical records containing a causation statement from Dr. Arnette concerning Mr. Kelley's back complaints. Biggies has denied payment for any lumbar spine treatment.

Mr. Kelley, who was initially represented by counsel, filed a Petition for Benefit Determination seeking medical and temporary disability benefits on September 28, 2015. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Mr. Kelley filed a Request for Expedited Hearing on December 1, 2015, and an amended REH on December 10, 2015. (T.R. 4 and T.R. 3, respectively.) Later, Mr. Kelley's counsel filed a Motion to Withdraw as Counsel, which the Court granted on June 30, 2016. (T.R. 5.) The Court conducted the Expedited Hearing on September 14, 2016.

At the Expedited Hearing, Mr. Kelley asserted he was entitled to medical benefits for his lumbar spine. He testified Dr. Aiken ignored his requests for back treatment and

---

[2] Mr. Kelly often worked at Mr. Runaro's private property.

[3] The Court could not locate any reference to back complaints in Dr. Aiken's notes, and Mr. Kelley did not point to a specific date he complained to Dr. Aiken.

that Dr. Arnette opined his back problems relate to his right leg injury.[4] He requested medical treatment for his back problems.

Biggies argued that Mr. Kelley had not come forward with sufficient evidence to find Mr. Kelley's back complaints relate to his right leg injury. It acknowledged for purposes of the hearing that it had paid and would continue to pay for treatment to Mr. Kelley's leg, including Dr. Aiken's recent request for an MRI. However, it denied that medical treatment was necessary for Mr. Kelley's lumbar spine due to his right leg injury. It also asserted that Dr. Aiken had not referred Mr. Kelley to a spine specialist.

## Findings of Facts and Conclusions of Law

As the injured employee seeking benefits, Mr. Kelley has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Mr. Kelley need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, at an expedited hearing, he has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* The law does not cover aggravations of pre-existing conditions unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment. Tenn. Code Ann § 50-6-102(a) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(d) (2015).

From the records admitted, the Court found no documentation to support Mr. Kelley's testimony that he complained to an authorized provider that his back hurt, although he testified he complained to Dr. Aiken. Dr. Aiken did not refer Mr. Kelley to a

---

[4] Mr. Kelley attempted to introduce a collective medical exhibit including a letter from Dr. Arnette dated May 5, 2016. The Court marked the exhibit for identification only and ruled that it would be admitted only if Mr. Kelley filed it with the Court prior to the hearing. Defense Counsel asserted he had not seen the letter and objected to its admission. Upon review of the file, the Court could not locate Dr. Arnette's letter. The Court will not consider the letter in this opinion. The Court considered pages 2-3 of the exhibit.

spine specialist or request treatment for Mr. Kelley's spine. The records do reflect Mr. Kelley's general complaint about back pain to Dr. Arnette, his primary care provider, months after his right leg injury. Even then, Mr. Kelley told Dr. Arnette he suffered spine problems in the "past." Other than pain management, Dr. Arnette made no recommendations following a spinal MRI.

It is unclear from the record whether Mr. Kelley's back pain is due to a pre-existing injury, an aggravation of his pre-existing condition, or an acute injury, because there is no medical causation opinion in the records concerning his lumbar spine.

Except in the most obvious, simple and routine cases, the employee in a workers' compensation action must establish by expert medical evidence the causal relationship alluded to between the claimed injury and the employment activity. *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991).

Because Mr. Kelley failed to provide a causation statement from a physician linking his back issues with his job at Biggies, the Court finds he has failed to meet the definition of "injury" according to the law.

The Court thus holds Mr. Kelley failed to come forward with sufficient evidence from which the Court could conclude he is likely to prevail at a hearing on the merits that he suffered a lumbar spine injury arising primarily out of and in the course and scope of his employment; therefore, his request for medical benefits is denied at this time. Mr. Kelley may continue to treat for his leg injury with Dr. Aiken.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Kelley's claim against Biggies and its workers' compensation carrier for the requested medical benefits for his lumber spine is denied.

2. This matter is set for Initial (Scheduling) Hearing on November 1, 2016, at 10:00 a.m. Eastern.

**ENTERED this the 20ᵗʰ day of September, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of**

4

**Workers' Compensation Claims.  You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.  All conferences are set using Eastern Time (ET).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee.  The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter.  The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable.  **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation

Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Mr. Kelley;
2. Collective Medical Exhibit ( 1st page for Identification Only);
3. Medical Records-Dr. Marc Aiken;
4. Medical Records-Dr. Bryan Arnette;
5. Medical Records-Wellmont-Holston Valley Hospital; and,
6. Medical Records-Dr. Marc Aiken.

Technical record:[5]
1. Petition for Benefit Determination, September 28, 2015;
2. Dispute Certification Notice, November 19, 2015;
3. Request for Expedited Hearing, December 1, 2015;
4. Amended Request for Expedited Hearing, December 10, 2015;
5. Order Granting Employee's Attorney Motion to Withraw, June 30, 2016;
6. Show Cause Order, dated June 13, 2016;
7. Order Setting Expedited Hearing, dated August 15, 2016; and
8. Employer's Pre-Hearing Brief.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Medical Benefits was sent to the following recipients by the following methods of service on this the 20th day of September, 2016.

| Name | Certified Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Mr. Daniel Kelley | X | | 3500 Clipse Road<br>Kingsport, TN 37660 |
| Jeffrey Cranford, Esq. | | X | jcranford@wimberlylawson.com |

Penny Shrum, Clerk of Court
WC.CourtClerk@tn.gov

8